IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| MARK BROWN<br>　　*Plaintiff* § § § | |
| V. § § | Civil Action No. _____ |
| PNK (LAKE CHARLES), LLC D/B/A<br>L'AUBERGE CASINO RESORT § § §<br>　　*Defendant* § § § | (JURY REQUESTED) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COMES NOW PLAINTIFF, MARK BROWN (the "Plaintiff") complaining of and against Defendant, PNK (LAKE CHARLES), LLC D/B/A L'AUBERGE CASINO RESORT (the "Defendant" or "L'AUBERGE CASINO") and files *Plaintiff's Original Complaint*, and would respectfully show unto the Court the following:

### I. PARTIES

1. Plaintiff, MARK BROWN**,** is an individual who is domiciled in Jefferson County, Texas.

2. Defendant, PNK (LAKE CHARLES), LLC D/B/A L'AUBERGE CASINO RESORT is a limited liability company doing business in the state of Louisiana, whose owners are citizens of Delaware and Nevada, and may be served with process through its registered agent for service:

　　C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

### II. JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332.

4. Venue is proper pursuant to 28 U.S.C.§1391(b) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

### III. SUMMARY OF FACTS

5. Plaintiff brings this action to recover damages for injuries sustained by Plaintiff as a result of a slip and fall that occurred on or about May 19, 2020 at the L'Auberge Casino located in Lake Charles, Louisiana and owned and operated by the Defendant.

6. At the time of the incident made the basis of this lawsuit, Plaintiff was a patron of the L'Auberge Casino in Lake Charles. As Plaintiff was walking through a common, heavily trafficked passageway, he stepped in a slippery, foreign substance on the floor, slipped, and fell.

7. Prior to Plaintiff's fall, Defendant had actual knowledge of the presence of the slippery, foreign substance on the floor and knew the condition presented an unreasonable risk of harm to its patrons.

8. As a result of the aforementioned slip and fall, Plaintiff sustained serious injuries.

### IV. CAUSE OF ACTION

9. Plaintiff incorporates the above paragraphs as if more fully stated herein.

10. Defendant is a "merchant" as that term is defined by La. R.S. 9:2800.6.

11. Defendant owed a duty to Plaintiff to exercise reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition and to make reasonable efforts to keep the premises free of any hazardous condition.

12. At the time of the occurrence in question, the condition of the premises where Plaintiff slipped and fell presented an unreasonable risk of harm to Plaintiff because of the slippery, foreign substance on the floor. The risk of harm to Plaintiff was foreseeable by the Defendant.

13. Defendant had actual knowledge of the slippery and wet floor prior to Plaintiff's slip and fall.

14. Defendant failed to exercise reasonable care in the following respects:

   a. Failing to properly maintain the casino premises, including keeping its floors and passageways free of foreign substances;

   b. Failing to provide a reasonably safe surface for patrons to walk on;

   c. Failing to adequately warn of a known dangerous condition;

   d. Failing to remediate a known dangerous condition;

   e. Leaving a known dangerous condition unattended;

15. Defendant's acts and/or omissions as described herein constitute a breach of duty owed to Plaintiff and was a proximate cause of Plaintiff's injuries and damages.

## V.  DAMAGES

16. As a proximate result of Defendant's breach of its duty owed to Plaintiff, Plaintiff has damages in the past and will, in all reasonable probability, suffer damages in the future.  These damages are set forth below:

   a) Medical care expenses;

   b) Physical pain and suffering;

   c) Grief and mental anguish;

   d) Physical impairment;

   e) Out of pocket economic losses;

   f) Loss of enjoyment of life;

   g) Loss of income; and

   h) All other damages to be proven at the trial of this matter.

17. Plaintiff further seeks recovery of costs of court and pre-judgment and post-judgment interest on all damages as allowed by law and prays that upon entry of judgment that such pre-judgment interest be computed on all allowable damages.

## VI. PREEXISTING CONDITIONS

18. In the alternative, Plaintiff would show that if any injury and/or condition from which he currently suffers was pre-existing, then such condition was aggravated, exacerbated, and/or made worse by the negligence of the Defendant herein.

## VII. SUBSEQUENT INJURY OR CONDITION

19. In the alternative, Plaintiff would show that if he suffers from any subsequent injury and/or condition, then such injury and or condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

## VIII. PRAYER AND JURY DEMAND

20. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial, he recover from Defendant his damages, together with all costs of court, pre-judgment and post-judgment interest, and for any and such further relief, either at law or in equity, to which Plaintiff may show himself justly entitled.

21. Plaintiff respectfully requests a trial by jury.

. . .

. . .

. . .

. . .

. . .

. . .

Respectfully submitted,

THE BRASHER LAW FIRM, PLLC

BY: */s/ Joe Muckleroy*
Joe Muckleroy
Louisiana Bar No. 30935
joe@brasherattorney.com
6430 Wellington Place
Beaumont, Texas 77706
(409) 832-3737 Telephone
(409) 832-3838 Facsimile
**Trial Attorney for Plaintiff**

**OF COUNSEL FOR PLAINTIFF:**

THE BRASHER LAW FIRM PLLC

Clint Brasher
Louisiana Bar No. 29540
clint@brasherattorney.com
6430 Wellington Place
Beaumont, Texas 77706
(409) 832-3737 Telephone
(409) 832-3838 Facsimile