UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MARK BROWN** | **CASE NO. 2:20-CV-01347** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **P N K (LAKE CHARLES) L L C** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 12] filed by defendant PNK (Lake Charles) LLC, d/b/a L'Auberge Casino Resort. Plaintiff Mark Brown opposes the motion. Doc. 18.

### I.
### BACKGROUND

This suit arises from an accident that occurred at the L'Auberge Hotel and Casino Resort, an establishment owned by defendant in Lake Charles, Louisiana. Plaintiff alleges that he exited the elevator on May 19, 2020, and was walking toward a restaurant when he slipped on the floor and landed on his hip. Doc. 1, p. 2. Plaintiff sought treatment at a local hospital, where he was diagnosed with a hip fracture. Doc. 18, att. 4. He later filed suit in this court, on the basis of diversity jurisdiction, raising claims under Louisiana's Merchant Liability Act. Doc. 1.

Defendant now moves for summary judgment, asserting that plaintiff cannot show that an unreasonably hazard existed on the floor or that defendant had any notice thereof. Docs. 12, 13. Plaintiff opposes the motion and maintains that video evidence and his own

deposition testimony support his claim that he slipped in some sort of slippery substance on the floor. Doc. 18.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *E.g.*, *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6. To prevail, a plaintiff must prove the following (in addition to all other elements of his claim): (1) a condition on the premises presented an unreasonable risk of harm; (2) this harm was reasonably foreseeable; (3) the merchant either created or had actual or constructive notice of the condition; and (4) the merchant failed to exercise reasonable care. La. Rev. Stat. § 9:2800.6(B); *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).

To survive a motion for summary judgment, a plaintiff must submit 'positive evidence' that a merchant created or had actual or constructive notice of the conditions that allegedly caused a plaintiff's damages." *Perez v. Winn-Dixie Montgomery, LLC*, 2019 WL 1367526, at *2 (E.D. La. Mar. 26, 2019) (quoting *Duncan v. Wal-Mart La., LLC*, 863 F.3d 406, 410 (5th Cir. 2017)). To show "constructive notice" under the LMLA, the plaintiff must prove "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. Rev. Stat. § 9:2800.6(C)(1). An employee's presence near the condition "does not, alone, constitute constructive notice,

unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." *Id.* Accordingly, plaintiff bears "an onerous burden" in satisfying this element. *Scott v. Dillard's, Inc.*, 169 So.3d 468, 472 (La. Ct. App. 5th Cir. 2015).

The surveillance video shows that plaintiff emerged from the elevator, walked down several feet of corridor, and then slipped on the wooden floor shortly after rounding a corner past a caution sign. In his complaint plaintiff stated that there had been a slippery, foreign substance on the floor. Doc. 1, ¶ 6. In his deposition, however, the plaintiff testified that his foot slipped on the floor and then hit a riser in the carpet. Doc. 18, att. 3, p. 34. He stated that he did not observe any liquids or other obstacles but that "[i]t was just a shiny, slick floor. Like it had just been waxed, polished. It was really, really shiny." *Id.* at 35. Defendant shows, however, that the substances used by L'Auberge to clean and wax its floors are rated as slip-resistant. Doc. 12, att. 3, pp. 21–22. It also points to the results of its own investigation, including a floor inspection finding that no liquids, debris, or defects existed at that time. *Id.* at 10. Finally, defendant notes that surveillance footage shows other people traversing the same area shortly after plaintiff's fall without incident.

As defendant notes, plaintiff can only speculate as to the exact cause of his fall. But the nearby placement of a caution sign and the video footage showing that plaintiff's feet flew out from underneath him create fact issues as to whether there was a hazardous condition in that area of which L'Auberge had actual notice. Furthermore, the presence of the sign several feet away from where plaintiff fell creates an issue of fact as to whether the sign provided adequate warning as to any hazard. Contrary to defendant's assertion, the

video footage neither contradicts nor dispels plaintiff's speculation as to how the accident occurred. It also does not show, as defendant suggests, that plaintiff's fall was caused by stubbing his toe or tripping over his other foot. Likewise, the fact that other people were able to walk across the same area after plaintiff had already slipped on it is not dispositive—if there was a slick spot on the floor, plaintiff may have absorbed it on his fall. Accordingly, there are sufficient gaps in the evidence for this case to go to a jury and summary judgment must be denied.

## IV.
## CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 12] will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 23rd day of February, 2022.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**